UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | C/A 05-05082-W |
| HAZEL REID MATTISON, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| HAZEL REID MATTISON, | ) | Adv. Pro. No. 05-80200-W |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN GENERAL | ) | |
| FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

FILED DEC 29 2005, United States Bankruptcy Court, Columbia, South Carolina (4)

ENTERED DEC 29 2005 B. R. M.

THIS MATTER comes before the Court on the Motion for Summary Judgment of Defendant American General Financial Services, Inc. ("AGFS") and the Motion for Summary Judgment of Debtor Hazel R. Mattison ("Plaintiff"). Each party submitted memoranda in support of their respective motions and in opposition to the opposing party's motion.[1] Based upon the filings made by the parties, the deposition testimony submitted by the parties, the relevant law, and the arguments of counsel at the hearing, the Court makes the following findings of fact and conclusions of law.[2]

## FINDINGS OF FACT

1.    Plaintiff is the record owned of a 1996 Ford Ranger ("Vehicle").

---

[1] Parties were also given the opportunity to submit proposed orders to the Court by December 15, 2005. AGFS submitted a proposed order. Plaintiff did not submit a proposed order.

[2] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

2. On July 9, 2004, Plaintiff's son, Darryl Jerome Mattison ("Mr. Mattison"), obtained a loan from AGFS. The loan is documented by a Loan Agreement and Disclosure Statement signed by Mr. Mattison.

3. The loan obtained by Mr. Mattison is a "consumer loan" as defined by the South Carolina Consumer Protection Code (S.C. Code Ann. § 37-1-101 et. seq.).[3]

4. Plaintiff did not sign the Loan Agreement and Disclosure Statement and she is not personally liable on Mr. Mattison's debt with AGFS.

5. In connection with his loan, Mr. Mattison asked Plaintiff to provide AGFS with a security interest in the Vehicle, titled in the name of the Plaintiff.

6. On July 9, 2004, Plaintiff executed an Application for Certificate of Title/Registration (the "Application") wherein she granted AGFS a security interest in the Vehicle, as requested by Mr. Mattison.

7. AGFS did not provide Plaintiff with a notice to co-signor form, set forth in § 37-3-303 before Plaintiff executed the Application.

8. Plaintiff filed for bankruptcy under Chapter 13 on May 5, 2005.[4]

9. The Vehicle is property of Plaintiff's bankruptcy estate, as the Vehicle is titled in Plaintiff's name.

10. Plaintiff's confirmed bankruptcy does not provide treatment for AGFS's security interest in the Vehicle.

11. This adversary proceeding was filed on July 15, 2005 against AGFS.

12. Plaintiff alleges that AGFS was required to comply with the co-signor requirement of the South Carolina Consumer Protection Code, which provides:

---

[3] Future reference to the South Carolina Consumer Protection Code shall appear by section number only.
[4] Mr. Mattison is also a debtor in Chapter 13 in case number 05-05083 and also filed for bankruptcy on May 5, 2005. AGFS is treated as an unsecured creditor in Mr. Mattison's bankruptcy.

> **Notice to co-signers and similar parties.**
>
> A natural person, other than the spouse of the debtor, is not obligated as a co-signer, co-maker, guarantor, indorser, surety, or similar party with respect to a consumer loan, unless before or contemporaneously with signing any separate agreement of obligation or any writing setting forth the terms of the debtor's agreement, the person receives a separate written notice that contains a completed identification of the debt he may have to pay and reasonably informs him of his obligation with respect to it.
> S.C. Code Ann. § 37-3-303(1) (2005).

13. Although Mr. Mattison has some use of the Vehicle, Plaintiff's counsel stated at the hearing on this matter that the Vehicle is Plaintiff's property.

14. Plaintiff seeks declaratory and injunctive relief "permanently restrain[ing] and enjoin[ing] [AGFS] from enforcing or attempting to enforce [its] security interest in [the Vehicle]," actual damages, $1,000.00 in statutory penalties, attorneys' fees, and costs pursuant to § 37-5-202.

## CONCLUSIONS OF LAW

### A. Standard for Summary Judgment

Bankruptcy Rule 7056 provides that a party may move for summary judgment and that such judgment "shall be rendered forthwith" if the evidence and pleadings "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. BANKR. P. 7056(b) and 7056(c). In order to obtain summary judgment, the movant must demonstrate that "there is no genuine issue as to any material fact..." and the moving party is "...entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "On a summary judgment motion, the Court does not try factual issues; rather, it determines whether there are any fact issues to be tried." Dunes Hotel Assoc. v. Hyatt Corp. (In re Dunes Hotel Assoc.), 194 B.R. 967, 976 (Bankr. D.S.C. 1995). Summary judgment should be granted against a party "who fails to make a showing sufficient to establish the evidence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial." Id.

"After the party seeking summary judgment has met its burden of coming forward with proof of the absence of any genuine issues of material fact, the burden of proof shifts and the party opposing summary judgment may not merely rely on his pleadings but must set forth specific facts which controvert the moving party's facts and which show the existence of a genuine issue for trial." Dunes Hotel Assoc., 194 B.R. at 976 (citations omitted). "A party wishing to oppose summary judgment must present evidence tending to raise a material and genuine factual dispute." Rouse v. Nielson, 851 F. Supp. 717, 727 (D.S.C. 1994). A party opposing summary judgment "cannot create a genuine issue of fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, once the movant has set forth evidence and pleadings to show that there is no genuine issue of material fact the movant is entitled to judgment as a matter of law, unless the opposing party presents evidence of specific facts showing the existence of genuine factual issues for trial. Campbell v. Collins (In re Collins), C/A No. 03-04179-W, Adv. Pro. No. 04-80284-W (Bankr. D.S.C. April 26, 2005)

**B.    Plaintiff is not a "co-signor" under S.C. Code Ann. § 37-3-303(1) because she is not personally obligation on the transaction at issue.**

In this case, there are no genuine issues of material fact. The Court need only determine whether Plaintiff was entitled to the notice set forth in § 37-3-303, as AGFS did not provide Plaintiff with the notice required therein. This appears to be a case of first impression in South Carolina. The Court finds that § 37-3-303(1) does not apply to the facts of this case and thus Plaintiff is not entitled to damages pursuant to § 37-5-202.

Notice under § 37-3-303(1) is required to be given to a party of a consumer loan who qualifies as a "co-signer, co-maker, guarantor, indorser, surety, or similar party." These persons

each defined as a "debtor" under the South Carolina Consumer Protection Code. A "debtor" means:

> [A]ny person who is an obligor in a credit transaction, including any cosigner, comaker, guarantor, endorsee or surety, and the assignee of any obligor, and also includes any person who agrees to assume the payment of a credit obligation.
> S.C. Code Ann. § 37-1-301(14) (2005) (emphasis added).

Thus, the statutory language is clear: notice under § 37-3-303(1) is required to be given to those who are personally obligated on a consumer loan. Id. § 37-1-301(14). Plaintiff is not personally obligated on Mr. Mattison's credit obligation with AGFS nor is she a person who has agreed to assume payment of a credit obligation. While she has pledged collateral, Plaintiff does not stand in the shoes of her son as the "debtor" within the meaning of the Consumer Protection Code.

Plaintiff argues that the provisions of the Uniform Commercial Code supplement the provisions of the South Carolina Consumer Protection Code and that she qualifies as a "debtor" under the Uniform Commercial Code so that AGFS was required to provide her with the notice described in § 37-3-303(1). Plaintiff further argues that the definition of "debtor" in the South Carolina Consumer Protection Code is not limited to a party with a personal obligation but could also encompass a person granting a creditor a security interest in property. The Court disagrees with these arguments.

The South Carolina Consumer Protection Code provides:

> Unless displaced by the particular provisions of this title, the Uniform Commercial Code and the principles of law and equity, including the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause supplement its provisions.
> S.C. Code Ann. § 37-1-103 (2005).

Accordingly, the Uniform Commercial Code does not apply to matters that are specifically addressed by the South Carolina Consumer Protection Code, or when its provisions are inconsistent with the provisions of the South Carolina Consumer Protection Code. Tilley v. Pacesetter Corp., 355 S.C. 361, 373, 585 S.E.2d 292, 298 (2003) (stating that when a matter is specifically addressed by a statute, courts "lack the authority to look for or impose another meaning and may not resort to subtle or forced construction in an attempt to limit or expand a statute's scope.").

The Uniform Commercial Code is inconsistent with the South Carolina Consumer Protection Code in the way it defines a "debtor." The Consumer Protection Code defines a "debtor" as "any person who is an obligor in a credit transaction," including "any person who agrees to assume the payment of a credit obligation." S.C. Code Ann. § 37-1-301(14) (2005) (emphasis added). The Uniform Commercial Code, however, defines a "debtor" as "a person having an interest, other than a security interest or other lien, in the collateral, whether or not the person is an obligor." Id. § 36-9-102(a)(28)(A) (2005) (emphasis added). Thus, under the South Carolina Consumer Protection Code, a person qualifies as a "debtor" only if that person is an obligor, whereas a person could be a "debtor" under the Uniform Commercial Code regardless of whether that person is an obligor if the person has an interest in the collateral securing the obligation. The South Carolina Consumer Protection Code's narrower definition of "debtor" specifically displaces the definition found in the Uniform Commercial Code and controls in this case. Tilley, 355 S.C. at 373, 585 S.E.2d at 298.

Plaintiff also argues that the word "including," found in the South Carolina Commercial Code's definition of "debtor," makes the list of potential debtors found in the definition not inclusive of all potential debtors and that Plaintiff is one of many unenumerated debtors protected by Title 37. However, a prerequisite to being a "debtor" is that the person is an

obligor, thus making "debtor" and "obligor" analogous. S.C. Code Ann. § 37-1-301(14). The word "including" does not modify the word "obligor," but rather modifies various subcategories of debtors, such as cosigners and sureties. Plaintiff is not a "debtor" under the South Carolina Consumer Protection Code because she is not personally obligated on AGFS's loan to Mr. Mattison.

This reading of the word "debtor" is substantiated by the plain language of § 37-3-303, which provides, "[a] natural person ... is not obligated as a co-signer ... or similar party with respect to a consumer loan, unless ... the person receives a separate written notice that contains a completed identification of the debt he may have to pay and reasonably informs him of his obligation with respect to it." S.C. Code Ann. § 37-3-303(1). The penalty under § 37-3-303 for failing to provide the notice is that the co-signor cannot be held personally obligated on the loan made to the co-debtor. The form notice, set forth in § 37-3-303(2), also speaks to the personal liability of the co-signor on the transaction as it provides:

> You agree to pay the debt identified below although you may not personally receive any property, services, or money. You may be sued for payment although the person who receives the property, services, or money is able to pay. This notice is not the contract that obligates you to pay the debt. Read the contract for the exact terms of your obligation.
> S.C. Code Ann. § 37-3-303(2) (2005).

Providing Plaintiff with this notice would not be logical in this transaction, as Plaintiff has not agreed to repay the debt of Mr. Mattison. The liability of collateral pledged for a loan is not addressed in this statute but rather the statute speaks strictly of the personal liability of a cosigner. By its silence, the South Carolina legislature appears to have limited the application of this section to *in personam* liability. Plaintiff cannot by analogy eliminate the *in rem* liability of the Vehicle, as this Court is limited to interpreting a statute that is unambiguous on its face.

Russello v. United States, 464 U.S. 16, 104 S.Ct. 296 (1983), Tilley, 355 S.C. at 373, 585 S.E.2d at 298.

Under the plain language of § 37-3-303(1), AGFS was not required to provide Plaintiff with the notice described thereunder. As such, the Court agrees that there is no genuine issue as to any material fact as to whether AGFS violated § 37-3-303(1), and that AGFS is entitled to summary judgment.

## CONCLUSION

For the reasons stated herein, AGFS's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
December 29, 2005